UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PABLO ORZUNA-ROJAS,            )
 Petitioner                    )
                               )
        v.                     )    Civil Action No. 05-30034-MAP
                               )
SUPERINTENDENT BYRON, ET AL,)
 Respondents                   )


MEMORANDUM AND ORDER REGARDING
MOTION FOR SUMMARY JUDGMENT
OF RESPONDENT SUPERINTENDENT BYRON
(Docket No. 11)

October 13, 2005

PONSOR, D.J.

   This is an action brought by petitioner, pro se, pursuant to one of two statutes, or perhaps both.  The cover sheet cites 42 U.S.C. § 1983, Docket No. 1.  The file also contains a petition pursuant to 28 U.S.C. § 2254, Docket No. 3.  The named respondents include a "Superintendent Byron," (not further identified, except by an association with the Franklin County House of Corrections), former Attorney General John Ashcroft and the Immigration and Naturalization Service.

   Service has been made upon counsel for U.S. Customs and Immigration Service in Hartford, Connecticut and Superintendent Byron c/o Franklin County House of Corrections.  See Docket No. 5.  No answer has been filed on behalf of the Immigration and Naturalization Service or former Attorney General Ashcroft.  Counsel has filed a Motion for Summary Judgment on behalf of

Superintendent Byron, which is unopposed.

Petitioner has had numerous address changes. As of July 18, 2005, his address was at the Hartford Correctional Center, where he was apparently awaiting deportation. As recently as August 15, 2005, the petitioner wrote to the clerk in Boston, Massachusetts inquiring about the status of his case and indicating that he was seeking compensation for pain and suffering. See Docket No. 9. At that time, petitioner's address remained at the Hartford Correctional Center.

On September 22, 2005, respondent Superintendent Byron filed his Motion for Summary Judgment with a supporting affidavit, contending that, since petitioner no longer was being held at the Franklin County House of Corrections, any claim for injunctive relief should be dismissed. In addition, the motion claimed protection under the Eleventh Amendment against any claim for damages.

Mail sent to the petitioner at his last disclosed address at the Hartford Correctional Center was returned as undeliverable on September 27, 2005. As a result, no opposition to the Motion for Summary Judgment has been filed.

In order to insure that the petitioner's rights are fully protected, the court will order the clerk to forward a copy of the Motion for Summary Judgment and Affidavit, along with a copy of this order, to the address given by the petitioner for

his wife: Juana Orzuna, 114 Greenwood Avenue, Waterbury, CT 06704. Before ruling on the Motion for Summary Judgment, the court will wait thirty days, until November 14, 2005. If no opposition is filed by that date, the court will allow the Motion for Summary Judgment of Superintendent Byron. Petitioner does have an obligation to keep the court informed of his current address and if mailing to the petitioner's wife does not provoke a response, the court will be satisfied that every effort has been made to notify petitioner of the motion.

In addition, the court, as of November 14, 2005, will on its own initiative examine the basis of the petitioner's claim against the Immigration and Naturalization Service and the Attorney General. It does not appear that either of these entities, assuming that the lawsuit would be amended to name the current Attorney General, would be liable to the petitioner under any theory. The petitioner may file an amended complaint by November 14, 2005, indicating with greater specificity the basis for his claim against these two respondents. Absent such an amended complaint, the court will dismiss the petitioner's action against these two respondents and will order the case be closed. If the petitioner needs additional time to draft an amended complaint, a motion for an extension should be filed.

In sum, unless the court receives opposition to the

pending Motion for Summary Judgment by November 14, 2005, along with an amended complaint clarifying the basis for the claim against the INS and the Attorney General, the court will be dismissing this lawsuit.  Petitioner may request additional time if more is needed to reply.

    It is So Ordered.

                                    /s/ Michael A. Ponsor
                                    MICHAEL A. PONSOR
                                    U. S. District Judge